**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASMIK KARAPETYAN,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA<br>DETENTION CENTER, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-00697-RBM-MSB<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Hasmik Karapetyan's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.)  For the reasons set forth below, the Petition is **DENIED**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner, a native and citizen of Armenia, entered the United States on or around January 15, 2025.  (Doc. 3 at 1.)  Petitioner was detained and placed into United States Immigration and Customs Enforcement's ("ICE") custody where she remains as of today.  (Doc. 4 at 2.)  On February 11, 2025, Petitioner was issued a Notice to Appear charging her as removable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as an immigrant not in possession of a valid entry document.  (Doc. 3-2 at 1, 4.)

1

On August 4, 2025, an immigration judge ("IJ") ordered Petitioner removed to Armenia. (Doc. 1 at 10–13; Doc. 3-1 at 1–4.) The IJ also denied Petitioner's application for asylum but granted withholding of removal. (Doc. 1 at 1.) Petitioner and the United States Department of Homeland Security ("DHS") both waived appeal. (Doc. 3-1 at 4.)

**B.    Procedural Background**

On December 15, 2025, Petitioner filed her first habeas petition challenging her continued detention as unconstitutionally prolonged and seeking her release from ICE custody. *Karapetyan v. LaRose*, Case No. 3:25-cv-03640-JLS-AHG (S.D. Cal. Dec. 15, 2025), ECF No. 1. The Honorable Janis L. Sammartino denied Petitioner's first petition, finding that Petitioner's detention had not been unreasonably prolonged and that the Court lacked jurisdiction over her deliberate indifference to medical needs claim. *Id.*, ECF No. 10 at 5, 7.

On February 4, 2026, Petitioner commenced a new action by filing the instant Petition. (Doc. 1.) Pursuant to this Court's Order on February 19, 2026 (*see* Doc. 2), Respondents filed a Return to the Habeas Petition ("Response") on February 26, 2026. (Doc. 3.) On March 5, 2026, Petitioner filed a Traverse ("Reply"). (Doc. 4.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner challenges her continued detention as prolonged in violation of the Fifth

2

Amendment's Due Process Clause, the Supreme Court's decision in *Zadvydas v. Davis*, 553 U.S. 678 (2001), 28 U.S.C. § 1231(a)(6), and the Administrative Procedure Act ("APA"). (Doc. 1 at 6.) Respondents argue that Petitioner "is an arriving [noncitizen] with an order of removal" and her "detention is [therefore] mandated by 8 U.S.C. § 1225(b)(1)(B)." (Doc. 3 at 1, 5–7.)[1]

As the statutory provision governing Petitioner's detention determines what procedures Respondents must follow, the Court will address this issue first.

**A.    Detention Authority**

Under 8 U.S.C. § 1225(b)(2), noncitizens are subject to mandatory detention. Section 1225 applies to noncitizens who are "applicants for admission." An applicant for admission is a noncitizen "who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted.'" *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Once [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a)." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). After the entry of a final removal order, a noncitizen is subject to mandatory detention for 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). As relevant here, the removal period begins when the removal order becomes

---

[1] Respondents also argue this Court lacks jurisdiction under 8 U.S.C. § 1252(g) and § 1252(b)(9). (Doc. 3 at 2–5.) However, Petitioner does not challenge her removal order, the decision to commence removal proceedings, or any act to execute a removal order. Rather, Petitioner "challenges her deprivation of liberty and prolonged detention, not the adequacy of the procedures . . . governing her legal admission into the United States." (Doc. 7 at 6.) The Court therefore finds it has jurisdiction over Petitioner's prolonged detention claims under *Zadvydas*. *See Rios v. U.S. Dep't of Homeland Sec.*, 808 F. Supp. 3d 1145, 1149 (S.D. Cal. 2025) ("As other courts in this district have found in similar matters, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241."); *Yousefi v. Larose*, No. 3:26-CV-00272-RBM-VET, 2026 WL 407957, at *2 (S.D. Cal. Feb. 13, 2026).

administratively final. *See id.* § 1231(a)(1)(B)(i). Section 1231(a)(6) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas*, 533 U.S. at 682. The statute, however, is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Id*. at 689.

In this case, an IJ ordered Petitioner removed and granted withholding of removal on August 4, 2025. (Doc. 1 at 12–13.) Both parties waived their right to appeal. (*Id*. at 13.) As such, Petitioner's removal order became administratively final on August 4, 2025. *See Y.T.D. v. Andrews*, Case No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *1 n.5 (E.D. Cal. Sept. 18, 2025), *appeal dismissed*, No. 25-7265, 2025 WL 4233827 (9th Cir. Dec. 2, 2025) ("If both parties waive appeal or neither party appeals within the 30-day period, the withholding or CAT relief grant and the accompanying removal order become administratively final.") (citing 8 C.F.R § 1241.1). Petitioner's detention is therefore governed by 8 U.S.C. § 1231(a).

**B.    Due Process**

Petitioner claims her "continued detention is arbitrary and unlawful, and she requests that this Court order her immediate release from ICE custody." (Doc. 4 ) Petitioner also claims that "ICE [deviated] from its own policy by detaining [her] after withholding was granted." (Doc. 1 at 6.)[2]

The Supreme Court has recognized a six-month presumptively reasonable period of

---

[2] Petitioner does not identify any applicable policy from which ICE "deviated" in support of her APA claim. (*See* Doc. 1 at 6; Doc. 4 at 3, 9–10 (alleging ICE has a "long-standing policy [ ] to release non-citizens immediately following a grant of *asylum*") (emphasis added).) The Court declines to consider any claims raised in Petitioner's Reply that were not asserted in the Petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); *Esquivel-Ipina v. LaRose*, — F. Supp. 3d —, 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025). As such, and in light of the disposition herein, the APA claim is **DENIED WITHOUT PREJUDICE**.

4

detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701. After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Once the noncitizen meets this initial burden, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id*. If "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released. *Id*. at 699–700; *see* 28 U.S.C. § 1231(a)(3) ("If the [noncitizen] does not leave or is not removed within the [90-day] removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

Judge Sammartino previously denied Petitioner's first habeas petition without prejudice. *See Karapetyan*, Case No. 3:25-cv-03640-JLS-AHG, ECF No. 5. Judge Sammartino found that "Petitioner's detention has not been unreasonably prolonged" because: (1) the six-month period of presumptive reasonableness had not passed; and (2) even if the presumptively reasonable period had passed, Petitioner failed to meet her initial burden of demonstrating there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 5.

In the instant Petition, Petitioner claims her continued detention is prolonged under *Zadvydas* because she has now been detained for over six months. (Doc. 4 at 2.) As Petitioner raises the same legal issues and seeks the same relief, the Court adopts Judge Sammartino's Order issued on January 22, 2026, and applies it here. *See*, Case No. 3:25-cv-03640-JLS-AHG, ECF No. 5.

Because Petitioner's order of removal became final on August 4, 2025, the six-month presumptively reasonable period expired on February 4, 2026. Although the six-month period has now passed, the Court nonetheless finds that Petitioner has not provided sufficient information to meet her initial burden under *Zadvydas*. Aside from asserting that she has been in custody for longer than the "180 days threshold" (*see* Doc. 4 at 2), Petitioner raises no argument or reason to believe that her removal is not significantly likely in the

foreseeable future. *See Azzo v. Noem*, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) ("Petitioner must offer more than 'conclusory statements suggesting that he will not' be removed") (quoting *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006)); *cf. Abdirahman v. Noem*, Case No.: 3:26-cv-00177-RBM-AHG, 2026 WL 311509, at *2 (S.D. Cal. Feb. 5, 2026) (holding petitioner satisfied his burden under *Zadvydas* because he was granted withholding of removal to his country of origin and established that "third country removal is exceedingly rare, and ICE has not been able to remove [him] to a third country for over 7 months.") (internal citation omitted).  Petitioner therefore fails to satisfy her initial burden under *Zadvydas*.

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition is **DENIED WITHOUT PREJUDICE**.  Petitioner may file an amended petition curing the identified deficiencies **on or before April 18, 2026**.

**IT IS SO ORDERED**.

DATE:  March 23, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-00697-RBM-MSB