**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASMIK KARAPETYAN,<br><br>               Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER, et al.,<br><br>               Respondents. | Case No.:  3:26-cv-00697-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 10];**<br><br>**(2) DENYING RESPONDENTS' MOTION TO VACATE ORDER ENJOINING REMOVAL AND DISMISS PETITION [Doc. 9]; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE** |

Pending before the Court are Respondents' Motion to Vacate Order Enjoining Removal and Dismiss Petition ("Motion to Vacate") (Doc. 9) and Petitioner Hasmik Karapetyan's ("Petitioner") Motion for Temporary Restraining Order ("TRO Motion") (Doc. 10.)  In the Motion to Vacate, Respondents state that "ICE is prepared to remove Petitioner from the United States next week, with the initial flight scheduled for tomorrow, April 22, 2026, to another state" and "request dismissal of this case so ICE may effectuate removal." (Doc. 9 at 1.)  In response, Petitioner filed the TRO Motion in which she opposes the Motion to Vacate and requests that the Court "preserve jurisdiction over this matter

1

3:26-cv-00697-RBM-MSB

[and] [o]rder that Respondents may not deport Petitioner from the United States unless they: (1) [o]btain a valid travel document, (2) provide the travel document to Petitioner and Petitioner's counsel, (3) [provide Petitioner with] notice and meaningful opportunity to respond in compliance with the INA and due process, which should minimally include written notice to both Petitioner and Petitioner's counsel in a language Petitioner can understand and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge." (Doc. 10 at 7.)

For the reasons set forth below, the Motion to Vacate (Doc. 9) is **DENIED** and Petitioner's TRO Motion (Doc. 10) is **GRANTED**.

## I.    BACKGROUND

### A.    Factual Background

Petitioner, a native and citizen of Armenia, entered the United States on or around January 15, 2025. (Doc. 6 ¶ 1.) Petitioner was detained and placed into United States Immigration and Customs Enforcement's ("ICE") custody where she remains today. (*Id*.)

On August 4, 2025, an immigration judge ("IJ") ordered Petitioner removed to Armenia. (Doc. 6 ¶ 2.) The IJ also denied Petitioner's application for asylum but granted withholding of removal. (*Id*.) Petitioner and the United States Department of Homeland Security ("DHS") both waived appeal. (*Id*.)

### B.    Procedural Background

On February 4, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) Shortly thereafter, this Court issued an Order to Show Cause in which it set a briefing schedule and ordered that "Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter." (Doc. 2 at 1–2.)

On March 23, 2026, the Court denied the Petition and allowed Petitioner to file an amended petition on or before April 18, 2025. (Doc. 5.) Petitioner timely filed an Amended Petition. (Doc. 6.) In the Amended Petition, Petitioner re-alleges that she was granted withholding of removal from her home country, Armenia, and claims her detention

3:26-cv-00697-RBM-MSB

is no longer presumptively reasonable because she has been detained for longer than six months.  (*Id*. ¶¶ 2, 8, 47.)

On April 21, 2026, Respondents filed the instant Motion to Vacate seeking to dismiss this action so ICE may effectuate Petitioner's removal.  (Doc. 9 at 1.)  That same day, Petitioner filed the TRO Motion claiming that "neither Petitioner nor Petitioner's counsel were provided a notice of Respondents' intent to remove her from the United States."  (Doc. 10 ¶ 8.)

## II.     TRO MOTION[1]

### A.     Legal Standard

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  In the Ninth Circuit, "[a] party seeking a preliminary injunction must meet one of two variants of the same standard."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).  Under the *Winter* standard, a party is entitled to a preliminary injunction if he demonstrates that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A party must make a showing on all four prongs.  *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018).  "[I]f a [petitioner] can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the [petitioner's] favor, and the other two *Winter* factors are satisfied."  *All. for the Wild*

---

[1]  Because Petitioner states that her "[c]ounsel will immediately serve a copy of this TRO on Respondents' counsel after filing" (Doc. 10 at 6), Petitioner does not request that a TRO be issued without notice and the requirements of Rule 65(b)(1) do not apply.  *See Moody v. Metal Supermarket Franchising Am., Inc.*, No. C 13–5098 PJH, 2013 WL 5979508, at *1 (N.D. Cal. Nov. 8, 2013).

3:26-cv-00697-RBM-MSB

*Rockies*, 865 F.3d at 1217 (cleaned up).

**B.      Discussion**

      **1.      Likelihood of Success**

Petitioner claims her immigration detention is no longer presumptively reasonable because she has been detained for longer than six months, she was granted withholding of removal to Armenia, and Respondents have not identified a third country for removal. (Doc. 6 ¶¶ 2, 8, 47.)   In the Amended Petition and TRO Motion, Petitioner requests an order prohibiting Respondents from removing her "to a third country without notice and meaningful opportunity to respond in compliance with the INA and due process, which should minimally include written notice to both Petitioner and Petitioner's counsel in a language Petitioner can understand and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge." (Doc. 6, Prayer for Relief ¶ 4; Doc. 10 at 7.)

"In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016) (citing *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999)).   Many district courts, including this Court, have therefore held that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply . . . for withholding of deportation to the country to which they will be deported violates both [applicable] regulations and the constitutional right to due process." *Azzo v. Noem*, Case No.: 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025) (quoting *Andriasian*, 180 F.3d at 1041; *see Louangmilith v. Noem*, 808 F. Supp. 3d 1139, 1145 (S.D. Cal. 2025).   "Both the due process clause and the governing statute place the burden on the government . . . to provide a meaningful opportunity to be heard on asylum and withholding claims." *Id*. (quoting *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025)).   As such, a "noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for

3:26-cv-00697-RBM-MSB

withholding of deportation." *Id*. (quoting *Nguyen*, 796 F. Supp. 3d at 727).

Despite this requirement, Respondents seek to remove Petitioner to an unspecified third country without providing Petitioner notice of their intent. (*See* Doc. 10 ¶ 8.) Indeed, as Petitioner correctly notes, the Motion to Vacate "does not even indicate which third country Respondents are planning to remove Petitioner." (*Id*. ¶ 9.) The Court therefore finds that Petitioner has shown a likelihood of success on her claim that her removal to an unspecified third country without notice or an opportunity to be heard violates due process.

**2.      Irreparable Harm**

Petitioner claims her "abrupt removal to unknown country without sufficient time to investigate whether she will be persecuted or tortured there could easily result in irreparable harm." (Doc. 10 at 6.) The Court agrees.

Under the second *Winter* factor, the Court considers whether Petitioner is "likely to suffer irreparable harm in the absence of [injunctive] relief." *Winter*, 555 U.S. at 20. "It is beyond dispute that Petitioner would face irreparable harm from removal to a third country." *Nguyen*, 796 F. Supp. 3d at 736 (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (finding that detainees with pending habeas petitions facing removal under Alien Enemies Act faced "an imminent threat of severe, irreparable harm")).

In this case, Respondents' Motion to Vacate itself is evidence that Petitioner's removal to a third country is an imminent threat. (*See* Doc. 9 at 1.) Thus, "Petitioner has also shown that he will suffer irreparable harm in the absence of an injunction barring [her] removal to a third country." *Nguyen*, 796 F. Supp. 3d at 736. The second *Winter* factor weighs in favor of Petitioner.

**3.      Balance of Equities and Public Interest**

When the Government is a party to an action, the third and fourth Winter factors—the balance of the equities and the public interest—merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[T]here is a public interest in preventing [noncitizens] from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Id*. at 436. There is also a countervailing "public interest in prompt execution of removal orders."

3:26-cv-00697-RBM-MSB

*Id.* However, it is well-established that "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 582 (1952)).

Additionally, Petitioner has a likelihood of success on at least one claim. As such, "it would not be equitable or in the public's interest to allow . . . [violation of] the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014) (quoting *Valle Del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013)). "On the contrary, the public interest and the balance of the equities favor 'prevent[ing] the violation of a party's constitutional rights.'" *Id.* (alteration in original) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Tiznado-Reyna v. Kane*, Case No. CV 12-1159-PHX-SRB (SPL), 2012 WL 12882387, at *4 (D. Ariz. Dec. 13, 2012) ("Ultimately the balance of the relative equities 'may depend to a large extent upon the determination of the [movant's] prospects of success'"). Accordingly, the third and fourth *Winter* factors support injunctive relief.[2]

**C.    Conclusion**

Based on the foregoing reasons, the TRO Motion (Doc. 10) is **GRANTED** and the Motion to Vacate (Doc. 9) is **DENIED**. Accordingly, the Court **ORDERS** as follows:

1.  Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are **PROHIBITED** from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, in compliance with due process and applicable statutory and regulatory provisions.[3]

---

[2] In light of the disposition herein, the Court declines to address the remaining grounds in the TRO for seeking release.

[3] This relief has been granted in similar matters. *See Louangmilith*, 808 F. Supp. 3d at

3:26-cv-00697-RBM-MSB

2. To preserve the Court's jurisdiction, and to maintain the status quo, Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter. *See Doe v. Bondi*, Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).[4]

### III.   ORDER TO SHOW CAUSE

Petitioner claims she has been in detention since January 15, 2025, in violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 28 U.S.C. § 1231(a)(6), and the Administrative Procedure Act. (Doc. 6 at 6.)

The Court finds that summary dismissal of the Amended Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted). Accordingly, Respondents are **ORDERED TO SHOW CAUSE** on or before **April 29, 2026 at 4:30 p.m.** as to why the Amended Petition should not be granted by: (1) filing a written response; (2) filing as exhibits all documents or evidence relevant to the determination of the issues raised in the

---

1145; *Y.T.D. v. Andrews*, Case No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *6 (E.D. Cal. Sept. 18, 2025), *appeal dismissed*, No. 25-7265, 2025 WL 4233827 (9th Cir. Dec. 2, 2025) ("Even if the Court's action here constitutes a mandatory injunction, . . . the injunctive relief ordered here is appropriate even under the higher standard for mandatory injunctions.").

[4] The Court further **DECLINES** to set bond. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) ("Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any [and] may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'") (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003

3:26-cv-00697-RBM-MSB

Amended Petition; and (3) making a recommendation regarding the need for an evidentiary hearing. Petitioner may file a reply on or before **May 6, 2026 at 4:30 p.m.** The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

The Clerk of the Court is **DIRECTED TO TRANSMIT** a copy of the Amended Petition (Doc. 6) and this Order to the United States Attorney's Office.

**IT IS SO ORDERED**.

DATE: April 22, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

8

3:26-cv-00697-RBM-MSB